UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| THE FIRST LIBERTY NATIONAL BANK, N.A., <br><br> Plaintiff <br><br> v. <br><br> MEMRAN, INC. d/b/a COMPUTER SOLUTIONS, and RANDY MECHE d/b/a COMPUTER SOLUTIONS, <br><br> Defendants | Civil Action No. 1:17-cv-534 <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff The First Liberty National Bank, N.A. ("First Liberty") files this complaint under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and Texas state law.

### I. The Parties

1. Plaintiff First Liberty is a federally chartered bank with an address of 1900 Sam Houston St., Liberty, TX 77575.

2. Defendant Memran, Inc. is a Texas corporation with an address of 1421 N. Main Street, Liberty, TX 77575.

3. Defendant Randy Meche is an individual residing in Texas, with an address of 4621 McGuire Rd., Liberty, TX 77575. Meche is the founder and president of Defendant Memran, Inc., and is one of its two directors.

1

## II. Jurisdiction & Venue

4. This complaint brings a federal claim under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has supplemental jurisdiction to hear the state-law claim under 28 U.S.C. § 1367(a).

6. Venue in this district is proper under 28 U.S.C. § 1391(b)(1)-(2).

## III. Facts

### A. First Liberty & its Distinctive FLNB Mark

7. First Liberty is a community bank principally serving Liberty County, Texas and surrounding communities.

8. Fist Liberty's predecessor began business in 1913. The bank began operating under the name FIRST LIBERTY NATIONAL BANK in 1925.

9. Since at least as early as 1972, First Liberty has used the distinctive mark FLNB—an acronym for First Liberty National Bank—in connection with its goods and services.

10. Since at least as early as 1972, First Liberty has used its FLNB mark both in standard character form and in the stylized "script" form shown below:



11. First Liberty has used its distinctive FLNB mark continuously, extensively, and exclusively since adopting it decades ago.

12. Due to its longstanding use, First Liberty has developed tremendous goodwill in the FLNB mark. That goodwill is very important and valuable to First Liberty.

13. The FLNB mark is distinctive and strong. The relevant consumers strongly associate FLNB with First Liberty.

14. Accordingly, First Liberty has developed strong and extensive common law rights in the FLNB mark.

15. First Liberty uses and has used the FLNB mark in interstate commerce. First Liberty conducts business across state lines and serves customers outside of Texas.

### B. The Defendants

16. Defendant Randy Meche is the owner and proprietor of an information-technology business that operates in Texas under the assumed name Computer Solutions. Meche has done business under that assumed name since at least the mid-1990s.

17. In December 2006, a Texas corporation formed by Meche and for which Meche is the president, Defendant Memran, Inc., filed an assumed-name certificate to begin operating under the name Computer Solutions.

18. Thus, since at least the mid-1990s, Meche and his corporation Memran, Inc. have both operated under the name Computer Solutions. This complaint will refer to the two defendants together as "Computer Solutions."

    C.    <u>Computer Solutions' Relationship with First Liberty and its Registration of the FLNB.com Domain Name on First Liberty's Behalf</u>

19. In the early 1990s, Computer Solutions began providing computer hardware, software, and technology consulting services to First Liberty. Computer Solutions continues to provide some of those services to First Liberty today.

20. To meet its technology needs, First Liberty has for decades trusted and relied on Computer Solutions.

21. Around 1996, First Liberty began exploring opportunities for using the internet in its business. At some point in late 1996 or early 1997, First Liberty instructed Computer Solutions, in its role as the bank's information-technology provider, to register the internet domain name FLNB.com for First Liberty's future use.

22. Following First Liberty's instructions, Computer Solutions registered the FLNB.com domain name for First Liberty on or around March 8, 1997. In minutes from a March 13, 1997 meeting, First Liberty's electronic data processing committee confirmed that the domain name had been registered on the bank's behalf: "First Liberty National now has a domain name of www.FLNB.com for the internet."

23. In its role as First Liberty's information-technology provider, Computer Solutions listed its principal Meche as the registrant of the FLNB.com domain name. First Liberty allowed this because it trusted Computer Solutions and Meche to act in the bank's best interest as the bank's trusted information-technology provider.

24. After Computer Solutions registered the FLNB.com domain name at First Liberty's instruction and on its behalf in March 1997, First Liberty continued exploring options for expanding its business to the internet. First Liberty eventually decided to build a public website to host at FLNB.com, hiring a local web-design firm for that purpose. During this process, Computer Solutions provided necessary technical information to the web-design firm and to First Liberty.

25. First Liberty's website ([www.FLNB.com](www.FLNB.com)) first went online in December 2000. The FLNB.com domain name still hosts the website today.

26. In addition to hosting First Liberty's website, the FLNB.com domain name also hosts First Liberty's company email.

D.   Computer Solutions' Unlawful Activities

27. In the summer of 2017, First Liberty advised Computer Solutions that the bank would be transitioning to other information-technology providers for many of the services currently provided by Computer Solutions.

28. After receiving word of First Liberty's decision, Computer Solutions sent a letter to First Liberty's management and board members on July 12, 2017. In the letter, Computer Solutions acknowledged First Liberty's decision but made several requests to keep First Liberty's business. The July 12, 2017 letter is attached as **Exhibit 1**.

29. After receiving the July 12 letter, First Liberty confirmed to Computer Solutions its decision to move to different information-technology providers.

30. The parties have since agreed that, while First Liberty completes its transition to its new providers, Computer Solutions will continue to provide certain technology services to First Liberty through February 1, 2018.

31. On August 21, 2017, Computer Solutions sent another letter to First Liberty, this time to a more limited group of representatives. The August 21, 2017 letter is attached as **Exhibit 2**.

32. Computer Solutions' August 21 letter recognized First Liberty's decision to "conclude [its] relationship with Computer Solutions on February 1, 2018."

33. However, rather than coordinating with First Liberty on the amicable transfer of the FLNB.com domain name's registration, Computer Solutions decided to hold the domain name hostage. In its August 21 letter, Computer Solutions claimed for the first time to own the FLNB.com domain name. Computer Solutions claimed that it had merely "permitted" First Liberty to use the domain name for nearly 20 years as a mere "courtesy" to First Liberty, because it "[was] a Computer Solutions client."

34. Having made these claims, Computer Solutions wrote that it "will no longer permit First Liberty" to use the FLNB.com domain name after the parties' business relationship concludes on February 1, 2018. Computer Solutions then immediately proceeded to say that it was "open to negotiations regarding transferring [the] flnb.com domain name" to First Liberty.

## IV.   Causes of Action

<u>Count 1: Violation of Anti-Cybersquatting Consumer Protection Act</u>

35.   First Liberty incorporates and re-asserts the paragraphs above.

36.   First Liberty owns common law rights in the FLNB mark.

37.   The FLNB mark is distinctive and has been distinctive for decades. The mark was distinctive in March 1997, when Computer Solutions first registered the FLNB.com domain name at First Liberty's instruction and on First Liberty's behalf. By that point in time, First Liberty had been continuously and extensively using the FLNB mark for at least 25 years (i.e., since at least 1972).

38.   The FLNB.com domain name, which Computer Solutions now suddenly claims to own, is confusingly similar to First Liberty's distinctive FLNB mark.

39.   Computer Solutions has used and trafficked in the FLNB.com domain name. Computer Solutions' principal, Meche, is the domain name's listed registrant, which establishes use of the domain name. Also, in its August 21, 2017 letter to First Liberty, Computer Solutions explicitly claimed to own the FLNB.com domain name and invited First Liberty to "negotiat[e]" for it. This shows both use and trafficking of the domain name.

40.   Computer Solutions used and trafficked in the FLNB.com domain name with bad faith intent to profit. Computer Solutions has no rights in the FLNB mark. The FLNB.com domain name does not consist of Computer Solutions' legal name or any name Computer Solutions has ever operated under. Computer Solutions has never used the FLNB.com domain name in connection with its own

7

bona fide offering of goods or services. For the past 17 years (and counting), the FLNB.com domain name has hosted First Liberty's website and company email.

41. Despite all this, Computer Solutions has wrongfully claimed to own the FLNB.com domain name and coyly offered to sell the domain name, inviting First Liberty to "negotiat[e]" for it. At the same time, Computer Solutions said it "will no longer permit First Liberty" to use the domain name after February 1, 2018.

42. These actions are an obvious attempt to leverage a payment from First Liberty for the domain name. Computer Solutions knows—having served as First Liberty's trusted information-technology provider for decades—that First Liberty needs the FLNB.com domain name for its website and its company email. Computer Solutions is opportunistically and in bad faith trying to profit from that need.

43. Accordingly, Computer Solutions has violated the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

## Count 2: Breach of Fiduciary Duty

44. First Liberty incorporates and re-asserts the paragraphs above.

45. As First Liberty's agent and trusted information-technology provider, Computer Solutions owes (and has owed) a fiduciary duty to First Liberty.

46. Computer Solutions was acting in its capacity as First Liberty's agent and fiduciary when it registered the FLNB.com domain name—at First Liberty's instruction and on First Liberty's behalf—in March 1997.

47. Computer Solutions breached its fiduciary duty to First Liberty by claiming to own the FLNB.com domain name. This misappropriation of First

Liberty's intellectual property—both the FLNB.com domain name itself and the distinctive FLNB mark contained within the domain name—is a clear breach.

48. Computer Solutions also breached its fiduciary duty to First Liberty by inviting First Liberty to "negotiat[e]" for the FLNB.com domain name, and by threatening to "no longer permit" First Liberty to use the domain name after February 1, 2018.

49. Computer Solutions' breaches have caused both an injury to First Liberty and a corresponding undue benefit to Computer Solutions. Computer Solutions is misappropriating First Liberty's intellectual-property rights, and depriving it of control over a domain name it rightfully owns. This also creates operational problems for First Liberty, which cannot fully transition to its new information-technology providers until Computer Solutions transfers the domain name's registration to First Liberty. Correspondingly, Computer Solutions is gaining leverage from a domain name and an underlying mark (FLNB) in which it has no legitimate rights.

50. Accordingly, Computer Solutions has breached its fiduciary duty to First Liberty under Texas state law.

## V. Damages; Injunctive Relief

51. First Liberty has been and will continue to be harmed by Computer Solutions' unlawful actions described above.

52. First Liberty is entitled to monetary remedies. However, money remedies cannot fully compensate First Liberty for the harm it has suffered and

continues to suffer. This includes irreparable harm to its reputation and goodwill among customers and potential customers. It also includes irreparable operational harm to First Liberty's business.

53. Because of this irreparable harm, First Liberty is entitled to injunctive relief. Along with the filing of this complaint, First Liberty is filing a motion for a preliminary injunction and a temporary restraining order, outlining in detail First Liberty's entitlement to that relief. *See* E.D. Tex. R. CV-65 ("An application for a temporary restraining order or for a preliminary injunction shall be made on an instrument separate from the complaint.").

## VI.   Prayer

First Liberty asks the Court to:

A.   enter judgment in First Liberty's favor on all of its claims;

B.   issue a preliminary injunction ordering Computer Solutions to transfer the FLNB.com domain name to First Liberty, pending a trial on the merits;

C.   while it considers the request for a preliminary injunction, issue a temporary restraining order preserving the status quo;

D.   after trial on the merits, issue a permanent injunction ordering Computer Solutions to transfer the FLNB.com domain name to First Liberty (if it has not already done so), and barring Computer Solutions—including its principals, employees, agents, representatives, and anyone else acting on its behalf—from registering or using in the future any mark or domain name confusingly similar to FLNB or FLNB.com, under 15 U.S.C. §§ 1116 and 1125(d)(1)(C);

E.   award First Liberty all monetary relief to which it is entitled under federal law, including all profits realized by Computer Solutions (adjusted upward as the Court shall find to be just), all damages (trebled) sustained by First Liberty, and costs of court, under 15 U.S.C. § 1117(a), and statutory damages under 15 U.S.C. § 1117(d);

F.  award First Liberty all monetary relief to which it is entitled under Texas law, including compensatory and exemplary damages;

G.  award First Liberty its reasonable attorneys' fees under 15 U.S.C. § 1117(a); and

H.  award any other relief that the Court deems just and proper.

## VII.  Jury Demand

First Liberty demands a jury trial on all issues triable by a jury.

DATED: December 27, 2017

Respectfully submitted,

/s/ *Ed R. Norwood*
Ed R. Norwood
State Bar No. 15113500
THE NORWOOD LAW FIRM
340 Main Street
Liberty, TX 77575
(936) 336-3700
(936) 336-7634 (fax)
enorwood@ednorwoodlaw.com

/s/ *Travis R. Wimberly*
Louis T. Pirkey
State Bar No. 16033000
Travis R. Wimberly
State Bar No. 24075292
PIRKEY BARBER PLLC
600 Congress Ave., Suite 2120
Austin, TX 78701
(512) 322-5200
(512) 322-5201 (fax)
lpirkey@pirkeybarber.com
twimberly@pirkeybarber.com

*Counsel for Plaintiff The First Liberty National Bank, N.A.*